UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LEOBARDO CHAVEZ BARRIENTOS,

          Petitioner,

  v.

CHRISTOPHER CHESTNUT, et al.,

          Respondents.

No. 1:26-cv-00037 WBS CSK

ORDER

----oo0oo----

Petitioner, a native and citizen of Mexico, has filed a pro se motion for preliminary injunction. (Docket No. 3.) While this motion is largely incoherent, petitioner appears to be challenging his August 2024 detention by immigration authorities on Due Process grounds. (Id. at 4.)[1]

---

[1] The court looks to petitioner's first amended petition for habeas corpus (Docket No. 19), which was subsequently filed by court-appointed counsel, for guidance regarding the Due Process claim petitioner is seeking to have resolved. The first amended petition clearly sets forth that petitioner's Due Process claim is of the substantive variety and rests on the grounds that petitioner's detention has become unconstitutionally prolonged.

1

Petitioner has been deported from the United States at least five times since 1998, most recently in 2015.  (Docket No. 10 at 1, 2.)  He entered immigration custody after serving a sixty-month term of imprisonment in federal custody for multiple drug-related offenses.  (Id. at 1.)

Petitioner currently has a pending appeal before the Ninth Circuit regarding another matter, namely, the denial of his application for citizenship.  Chavez Barrientos v. Bondi, No. 24-4238 (9th Cir. 2024); see Docket No. 3 at 4.  The resolution of that appeal has been pending for approximately sixteen months. (Docket No. 3-1 at 3.)  On July 25, 2024, the Ninth Circuit stayed petitioner's final removal order upon his request pending its resolution of his case.  Docket No. 10, Chavez Barrientos v. Bondi, No. 24-4238 (9th Cir. 2024).

Petitioner's appeal has continued to proceed in convoluted fashion before the Ninth Circuit.  A brief in the matter was last filed on March 3, 2026.  Docket No. 77, Chavez Barrientos v. Bondi, No. 24-4238 (9th Cir. 2024).  The Ninth Circuit has yet to rule.

I.   Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  The last two factors

(See id. at 10-14.)

2

"merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).

Likelihood of success on the merits is "the most important factor in determining whether a preliminary injunction is warranted." Garcia v. County of Alameda, 150 F. 4th 1224, 1230 (9th Cir. 2025) (internal citations and quotation marks omitted). "[P]laintiffs seeking a preliminary injunction face a difficult task in proving that they are entitled to this extraordinary remedy." Earth Island Inst. v. Carlton, 626 F.3d 462, 469 (9th Cir. 2010) (internal quotation omitted). A mere possibility of success is insufficient to satisfy this factor; instead, a petitioner must demonstrate "a strong likelihood of success on the merits." Save Our Sonoran, Inc. v. Flowers, 408 F. 3d 1113, 1120 (9th Cir. 2005).

Petitioner is not likely to succeed on the merits of his Due Process claim. He is undisputedly subject to a final order of removal which respondents are currently unable to execute because of the Ninth Circuit's order staying his removal. See Docket No. 10, Chavez Barrientos v. Bondi, No. 24-4238 (9th Cir. 2024). In other cases, the Ninth Circuit has made it clear that, under these circumstances, petitioner's detention is governed by 8 U.S.C. § 1226(a). See Prieto-Romero v. Clark, 534 F. 3d 1053, 1059-60 (9th Cir. 2008) (explaining that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1231(a), provides authority "to detain an alien whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its

disposition of his petition for review.").[2]

However, the applicability of 8 U.S.C. § 1226(a) to the present circumstances does not reflexively entitle petitioner to be released from custody.[3] Although petitioner's "removal has certainly been delayed by his pursuit of judicial review of his administratively final removal order, he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in Zadvydas [v. Davis, 533 U.S. 678 (2001)] were." Prieto-Romero, 534 F. 3d at 1063. This is the case because respondents have succeeded no fewer than five times in removing petitioner to Mexico, making a subsequent removal attempt likely to occur rapidly if and when the stay of petitioner's removal is lifted by the Ninth Circuit. (See Docket No. 10 at 2); see also Prieto-Romero, 534 F. 3d at 1063 (observing that repatriations to Mexico are "routine").

Because petitioner has failed to demonstrate a likelihood of success on the merits of his Due Process claim, the court "need not consider the other [preliminary injunction] factors." See California v. Azar, 911 F.3d 558, 575 (9th Cir. 2018).

IT IS THEREFORE ORDERED that petitioner's motion for preliminary injunction (Docket No. 3) be, and the same hereby is, DENIED;

---

[2]    The government's repeated suggestion that various subsections of 8 U.S.C. § 1231(a) govern ignores Prieto-Romero, which was handed down nearly twenty years ago, and its progeny. (See Docket Nos. 10, 20.)

[3]    Petitioner does not request that he be provided with a bond hearing before an immigration judge under this statute because he has already had one. (Docket No. 19 at 9.)

4

AND IT IF FURTHER ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262, the case is referred to the assigned magistrate judge for further proceedings.

Dated:  July 24, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5