UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEOBARDO CHAVEZ BARRIENTOS,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

No. 1:26-cv-0037 WBS CSK

FINDINGS AND RECOMMENDATIONS

Petitioner Leobardo Chavez Barrientos, a native and citizen of Mexico, filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] After a conviction for firearm possession, petitioner was ordered removed in 1998 by an immigration judge and was removed from the United States. (ECF No. 19 at 2.) From 1998 to 2015, petitioner returned to the United States several times, was convicted of other crimes, and his removal order was reinstated multiple times. (Id.) In August 2024, after serving a sixty-month federal sentence for drug offenses, petitioner was transferred to immigration custody and has been in continuous immigration detention since. (ECF No. 10 at 1.) This habeas action concerns petitioner's re-detention. On July 24, 2026, the district court denied petitioner's motion for a preliminary injunction. (ECF No. 24.) For the reasons that follow, the Court recommends denying the petition.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. BACKGROUND

The factual and procedural background previously presented in the district judge's July 24, 2026 order is incorporated herein. (See ECF No. 24.)

After counsel was appointed, petitioner filed an amended petition on March 13, 2026. (ECF No. 19.) Respondents filed an answer, and petitioner filed a reply. (ECF Nos. 20, 21.) Petitioner also filed a notice of supplemental authority. (ECF No. 22.)

On July 24, 2026, the district court denied petitioner's motion for a preliminary injunction and referred the matter to the assigned magistrate judge. (ECF No. 24.) Briefing is complete.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner challenges his re-detention as prolonged in violation of the Fifth Amendment due process clause. (ECF No. 19 at 10-14.)

Petitioner's appeal of the denial of his citizenship application remains pending before the Ninth Circuit. Chavez Barrientos v. Blanche, No. 24-4238 (9th Cir.). On July 25, 2024, the Ninth Circuit stayed petitioner's final removal order upon his request pending the Ninth Circuit's resolution of his case. See id. at Ninth Cir. Docket No. 10.

Generally, "decisions at the preliminary injunction phase do not constitute law of the

case" because "a preliminary injunction decision is just that: preliminary." Ctr. for Biological Diversity v. Salazar, 706 F.3d 1085, 1090 (9th Cir. 2013) (quoting Ranchers Cattlemen Action Legal Fund United Stockgrowers of America v. U.S. Dep't of Agr., 499 F.3d 1108, 1114 (9th Cir. 2007)). "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983). "Law of the case directs a court's discretion, it does not limit the tribunal's power." Id.

Here, in denying petitioner's motion for a preliminary injunction, the district court concluded that petitioner was not likely to succeed on the merits of his due process claim. (ECF No. 24 at 3-5.) The district court found that petitioner is subject to detention pursuant to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1231, where petitioner is subject to a final order of removal and the Ninth Circuit has issued an order staying his removal. (Id. at 3-4 (citing Prieto-Romero v. Clark, 534 F. 3d 1053, 1059-60 (9th Cir. 2008)).[2] The district court reasoned that "[a]lthough petitioner's 'removal has certainly been delayed by his pursuit of judicial review of his administratively final removal order, he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in Zadvydas [v. Davis, 533 U.S. 678 (2001)] were." (ECF No. 24 at 4 (quoting Prieto-Romero, 534 F. 3d at 1063).)

It is unclear to this Court whether law of the case applies here where the denial of the motion for a preliminary injunction was issued after the completion of merits briefing on the amended petition, and the record before the district court has not changed. To the extent law of the case does apply, the district court's prior conclusions would result in denial of the habeas petition. Even assuming law of the case does not apply, this Court agrees with the district court that Prieto-Romero applies and petitioner is properly detained pursuant to § 1226(a). See Prieto-Romero, 534 F. 3d at 1062-65 (affirming denial of habeas petition where petitioner was detained for over three years while seeking administrative and judicial review of his removal order and such detention was authorized by statute). The Court therefore recommends denying the

[2] Because petitioner is detained pursuant to § 1226(a), petitioner may request a subsequent bond redetermination upon a showing of material changed circumstances. See 8 C.F.R. § 1003.19(e).

amended petition.

**IV. CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 19) be DENIED.

2. The Clerk of Court be directed to enter judgment for respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 21, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/chav0037.26.frs